UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISA M. SWEENEY,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>    Defendant. | No. 2:18-cv-02495 KJM AC<br><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

This Social Security matter was referred to the undersigned pursuant to Local Rule 302(c)(15). For the reasons that follow, the undersigned recommends plaintiff's motion for

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); <u>Bowen v. City of New York</u>, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); <u>Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler</u>, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

summary judgment be GRANTED and the Commissioner's cross-motion for summary judgment be DENIED.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits on September 1, 2015 and for supplemental security income on September 18, 2015. Administrative Record ("AR") 17.[2] The disability onset date for both applications was alleged to be June 1, 2012. Id. The applications were disapproved initially and on reconsideration. Id. On May 10, 2017, ALJ Curtis Renoe presided over the video hearing on plaintiff's challenge to the disapprovals. AR 38 - 93 (transcript). Plaintiff was present and testified at the hearing. AR 38. Plaintiff was represented at the hearing by Philip Armour. Id. Vocational Expert Michael Graham and witness Elora Pea were also present and testified. Id.

On September 28, 2017, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 17-28 (decision), 29-33 (exhibit list). On July 18, 2018, after receiving counsel's Representative Brief and Request for Review of Hearing Decision Dated October 19, 2017 as additional exhibits, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision).

Plaintiff filed this action on September 13, 2018. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383(c)(3). The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been briefed. ECF Nos. 13 (plaintiff's summary judgment motion), 14 (Commissioner's summary judgment motion). No reply brief was filed.

## II. FACTUAL BACKGROUND

Plaintiff was born in 1973, and accordingly was 38 years old on the alleged disability onset date, making her a "younger person" under the regulations. AR 26; see 20 C.F.R §§ 404.1563(c), 416.963(c) (same). Plaintiff earned her GED in 1992 and can communicate in English. AR 262, 264.

---

[2] The AR is electronically filed at ECF Nos. 12-3 to 13-15 (AR 1 to AR 841).

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue , 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . . .'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2016.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity (SGA) since June 1, 2012, the alleged onset date (AOD) (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.)
>
> 3. [Step 2] The claimant has the following severe impairments: degenerative disc disease - L5/S1 – bilateral neural foramina narrowing with impingement on the existing nerve root; disc protrusion with annular fissure, lumbar radiculopathy (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) and the following limitations: lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk two hours in an eight-hour workday; sit six hours in an eight-hour work day; push and pull limits would be the same as lift/carry; can climb ramps and stairs frequently, climb ladders, ropes, or scaffolds occasionally, stoop occasionally; and would need a one to two minute stretch break per hour.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (PRW) (20 CFR 404.1565 and 416.965).

> 7. [Step 5] The claimant was born [in 1973] and was 38 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404. 1569(a), 416.969, and 416.969(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 17-28.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 28.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by improperly weighing the opinion of treating physician Huan N. Nguyen, MD, specifically regarding Dr. Nguyen's finding that plaintiff can sit for no more than two hours per day. ECF No. 13 at 4-5, 7.

A. <u>The Medical Opinion Evidence</u>

In April of 2013, plaintiff complained of low back pain to Dr. Edna D. Taniegra, M.D. AR 388. Upon physical examination, Dr. Taniegra found plaintiff's back spine midline without tenderness; mild left sacroiliac joint tenderness; straight leg raise test elicited pain to lateral thigh; and full range of motion with tenderness on dorsiflexion. AR 389. Dr. Taniegra ordered an MRI of the back and instructed plaintiff to continue with regular exercises; plaintiff refused physical therapy due to lack of time. AR 389. An April 11, 2013 MRI of the lumbar spine showed at L5-S1: bilateral neural foramina narrowing with slight impingement on the exiting right nerve root.

AR 320-21. Dr. Taniegra explained the assessment to plaintiff and offered a treatment plan of physical therapy and analgesics. AR 386.

Plaintiff began seeing Dr. Nguyen on April 23, 2013. AR 382. Plaintiff requested a Norco prescription for pain as well as a prescription for sleep, but nothing too strong that would interfere with the care of her children. Id. Dr. Nguyen conducted a back exam and found limited range of motion; sacroiliac joints and sciatic notches were nontender; and noted pain with motion. AR 382-383. Dr. Nguyen prescribed Plaintiff Norco for severe pain, Gabapentin to take at bedtime, and referred her to the pain clinic and to physical therapy. AR 383.

On April 29, 2013, Plaintiff saw Dr. Rod Rooz Youssefi, M.D. for a pain evaluation. AR 379-381. Dr. Youssefi recommended a left lumbar medial branch block procedure, an essential skills program, physical therapy, and stopping opioid use given limited benefit. AR 380-381. Dr. Youssefi placed the lumbar medial branch block on Plaintiff on May 1, 2013 and plaintiff was discharged with no complications noted. AR 377-378. Dr. Youssefi stated in a September 24, 2015 letter that the May 1, 2013 medial branch block was ineffective. AR 471. Plaintiff continued to get refills for Norco and Gabapentin. AR 332-333, 334-335, 344, 353, 358-362, 368-372, 373-374, 376-377, 520, 541, 558, 613, 630, 648, 654, 721-722, 739, 744, 773.

Plaintiff's second physical therapy appointment was May 7, 2013. AR 371-372. Plaintiff reported increased soreness after the previous lumbar epidural injection and noted that the next day she did not wake with cramps in the lower back as she usually does. AR 372. Plaintiff tolerated progression on to the basic spine stabilization exercises in this session, and the plan was to continue with stabilization exercises as tolerated once per week for twelve weeks, though there are no records following this visit. AR 371-72. Plaintiff presented to the Emergency Department in October of 2014 for health concerns not related to back pain and there were no abnormal neurological or musculoskeletal exam findings. AR 355, 335-341.

Dr. Nguyen reported that a September 5, 2015 MRI of plaintiff's lumbar spine showed stable, chronic changes. AR 322, 519. The 2015 MRI exam report compared results to the April 11, 2013 spine MRI and found the alignment of the lumbar spine was normal, cord and marrow signal unremarkable. AR 323. The 2015 MRI showed at L4-L5 there was disc protrusion with

7

annular fissure abutting traversing right L5 nerve root, slight interval progression of disc protrusion since the last MRI, and stable mild bilateral neural foraminal stenosis. Id. At L5-S1, there was disc protrusion with annular fissure abutting traversing left S1 nerve root, mild bilateral neural foraminal stenosis; stable. Id. In December of 2015 Dr. Nguyen issued a diagnosis per the MRI results of mild bilateral neural foraminal stenosis but no central spinal canal stenosis and wrote a note stating that plaintiff "is restricted to lifting no more than 10 pounds," but did not offer any other exertional limitations. AR 472. On January 7, 2016, Dr. Nguyen wrote a note that due to chronic back pain plaintiff "is unable to walk/stand for more than 4 hours per day and cannot sit for more than 2 hours per day." AR 473.

On June 14, 2016, Dr. Nguyen saw plaintiff for her annual check-up and to continue Norco refills. AR 630. Plaintiff had no new or acute symptoms or complaints and Dr. Nguyen reported no abnormal neurological or musculoskeletal exam findings; plaintiff's medication plan was maintained. AR 630-634. Plaintiff had a check-up appointment with Dr. Nguyen on April 19, 2017 and reported no new acute symptoms or complaints. AR 773. Dr. Nguyen conducted a physical exam and made no abnormal neurological or musculoskeletal exam findings. AR 774. Dr. Nguyen discussed diet and exercise and ordered plaintiff to continue with Norco and Gabapentin as prescribed. AR 777. Dr. Nguyen filled out a check-the-box-form regarding plaintiff's ability to do work related activities that she was limited to: lifting and carrying 10 pounds occasionally and less than 10 pounds frequently; standing and walking four hours in an eight-hour workday; sitting two hours in an eight-hour workday; no indication regarding any postural limits; there are no limits reaching, handling, fingering, feeling, or pushing/pulling; responding that plaintiff needs freedom to shift at will between sitting or standing/walking; needs to lie down at unpredictable times during an eight-hour workday, and that on average, plaintiff's conditions would never cause her to be absent from work. AR 477-479.

Plaintiff requested another MRI of her back in April of 2017 for her SSI hearing. AR 800-801, 806. Plaintiff wanted a mid-back MRI as well as a low back MRI because she stated she had pain there as well, and though Dr. Nguyen believed that a likely normal mid-back MRI would hurt and not help her SSI application, it was ordered per plaintiff's request. AR 806-807.

8

On May 6, 2017, plaintiff had another MRI of the lumbar spine. AR 484-485, 836. The MRI showed satisfactory alignment noted throughout the lumbar spine; there were no fractures; there was normal marrow signal in the lumbar vertebra; and the conus terminated at T12-L1 and appeared normal, showing mild bilateral neural foraminal narrowing at L4-L5 and small central disc protrusion without central canal stenosis with mild degenerative facet arthrosis with mild bilateral neural foraminal narrowing in L5-Sl. AR 485, 836.

Non-treating physicians also opined on plaintiff's condition. On November 16, 2015, Dr. Jonathan Schwartz, M.D. examined plaintiff pursuant to her disability application. AR 467-470. He noted plaintiff was cooperative, was able to ambulate without assistance or difficulty, and was able to sit comfortably. AR 468. Dr. Schwartz diagnosed plaintiff with lower back pain, likely secondary to strain, degenerative changes of the spine, and lumbar radiculopathy. AR 470. Dr. Schwartz's functional assessment of plaintiff was that she could stand and walk up to six hours; sit up to six hours; could lift carry 50 pounds occasionally and 25 pounds frequently; and had postural limitations of occasional stooping, secondary to decreased range of motion of the lumbar spine. AR 470.

Plaintiff's records were reviewed on December 3, 2015 by non-examining Disability Determination Services medical consultant Dr. B. Sheehy, M.D., who concluded that plaintiff's degenerative back disorder was a severe impairment but did not functionally equal a listing, and opined plaintiff had limitations as follows: she could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; she could stand and/or walk for a total of about six hours in an eight-hour workday; she could sit for a total of about six hours in an eight-hour workday; postural limitations were frequently climbing ramps and stairs, occasionally climbing ladder, ropes and scaffolds, and occasionally stooping; and she had no manipulative, visual, communicative, or environmental limitations. AR 99-101. Dr. Sheehy opined that the medical evaluation opinion of Dr. Schwartz was not restrictive enough and an underestimate of the severity of plaintiff's restrictions/limitations because it was based only on a snapshot of her functioning. AR 100-102. On January 12, 2016, Dr. Sheehy's opinion was affirmed upon

////

reconsideration by State Disability Determination Services consultant Dr. A. Dipsia. AR 133-137.

B. Principals Governing the ALJ's Consideration of Medical Opinion Evidence

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996). "Those physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships. As such, the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons. Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (internal citations omitted).

"The general rule is that conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). However, when the ALJ resolves conflicts by rejecting the opinion of an examining physician in favor of the conflicting opinion of another physician (including another examining physician), he must give "specific and legitimate reasons" for doing so. Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298-99 (9th Cir. 1999) ("Even if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record.").

C. The ALJ Erred in Explaining the Weight Given to Dr. Nguyen's Opinion

The ALJ gave little weight to Dr. Nguyen's medical assessment because: (1) her varied opinions demonstrate her unfamiliarity with the SSA's precise disability guidelines, and (2) the limitations she imposed are not consistent with the medical record, which shows a history of routine, conservative treatment for plaintiff's conditions with many normal and mild exam findings. AR 25. Plaintiff argues that each of these reasons is insufficient to support discounting Dr. Nguyen. ECF No. 13 at 5-8. Because Dr. Nguyen's opinion is contradicted by the opinions

of the non-treating and examining physicians as to the sitting limitation, the ALJ must give specific and legitimate reasons for discounting it. Carmickle, 533 F.3d at 1164.

First, plaintiff argues the rejection of a treating physician's opinion for lack of familiarity with the SSA's disability guidelines is not a specific or legitimate reason, noting that doctors routinely place physical limitations on their patients to protect them from aggravating medical conditions. ECF No. 13 at 6. The court agrees. Lack of familiarity with SSA guidelines is irrelevant to the validity of a physician's opinion and is not a proper reason for discounting an opinion. See Dipietro v. Colvin, No. 8:15-CV-01374 (VEB), 2016 WL 3452909, at *9 (C.D. Cal. June 15, 2016) (rejecting as basis for discounting treating physician's opinion that he was "not familiar" with SSA guidelines in part because he was "undoubtedly familiar" with plaintiff); Valdez–Canez v. Colvin, No. CV-16-02780-PHX-DGC, 2017 WL 2351664, at *4 (D. Ariz. May 31, 2017) ("Whether or not [physician] is trained in or even familiar with the Social Security Regulations is irrelevant to the question of whether the ALJ should credit his opinion concerning [p]laintiff's limitations and ability to sustain full-time work.").

The ALJ's second rationale, that Dr. Nguyen's prescribed limitations "are not consistent with the medical evidence as a whole, which documents claimant's condition but shows aa history of conservative, routine treatment and many normal exam findings," is likewise insufficient. AR 25. The ALJ erred in failing to specify the inconsistencies he believed existed between Dr. Nguyen's opinions and her treatment notes and examinations. See Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988) (in rejecting a medical opinion as unsupported or inconsistent with the treatment notes, the "ALJ must do more than offer his conclusions.") An ALJ may reject a treating physician's opinion only by providing clear and convincing or specific and legitimate reasons supported by substantial evidence by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (internal citations and quotation marks omitted).

////

Here, the ALJ did not satisfy this requirement. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Garrison, 759 F.3d at 1012-1013. Although the ALJ did provide a general summary of the treatment record (AR 23-26), he did not specify how that record or any particular parts of it conflict with Dr. Nguyen's sitting limitation. This constitutes error.

Moreover, although a conservative course of treatment can support discounting a claimant's subjective testimony about the degree of impairment, see Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007), here the ALJ did not explain why a generally conservative course of treatment for pain is inconsistent with the inability to sit for no more than two hours. The court sees no inherent contradiction. It is quite possible both for pain to be adequately controlled with medication as a general matter, and for the patient to experience increased pain after a period of time in a certain position, or to experience other phenomena that make continued sitting difficult or impossible. The unexplained "inconsistency" of Dr. Nguyen's sitting limitation with plaintiff's generally conservative medication regimen is precisely the sort of conclusory statement that Garrison forbids.

For these reasons, the court finds the ALJ failed to provide clear and convincing or specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Nguyen's opinion.

D. Remand

The undersigned agrees with plaintiff that the ALJ's error regarding the medical opinion evidence is not harmless, but finds that further proceedings by the Commissioner rather than a remand for award of benefits is the appropriate remedy here. An error is harmful when it has some consequence for the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error in this matter was harmful because the physicians' opinions, properly considered, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

12

Accordingly, the court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2000).

More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. Benecke, 379 F.3d at 593 (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000)). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

Plaintiff argues for an immediate award of benefits. However, although the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Nguyen's proposed sitting limitation, there is substantial medical evidence in the record which, when weighed against the physician's opinion under the correct standards, may or may not result in adoption of that limitation or otherwise affect the RFC. It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMENDED that the Commissioner's cross-motion for summary judgment (ECF No. 14) be DENIED, that plaintiff's

13

motion (ECF No. 13) be GRANTED.  The court should be remand the matter to the Commissioner for further proceedings and close this case.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, parties may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 19, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE